**Dr. Jerome S. Shoore, Appellee, v. Emil Jenisch et al., Appellant.**

**Gen. No. 38,333.**

Opinion filed February 19, 1936.

BERGER & NEWMARK, of Chicago, for appellant; LAWRENCE S. NEWMARK and GERALD G. BOLOTIN, of Chicago, of counsel.

COHON & GOLDSTEIN, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from the municipal court from a judgment of $1,000 rendered against the defendants

Jenisch and Shapiro and in favor of the plaintiff Shoore.

In the second amended statement of claim filed on May 25, 1934, it is alleged that on October 15, 1929, Emil Jenisch was president of the Division State Bank and that Clemens K. Shapiro was vice president; that on said date the two defendants, acting for and on behalf of the Division State Bank, falsely and fraudulently represented to plaintiff that two certain gold bonds Nos. 29 and 30 for the sum of $500 each were secured by a trust deed on an apartment building known as the Berenice Apartments and that they represented to the plaintiff that the purchase of said bonds was a good investment and that the property securing the indebtedness was adequate and ample security for said indebtedness; that the defendants knew or should have known that the representations were false and fraudulent; that the plaintiff relied on their statements and purchased the bonds, paying therefor the sum of $1,004.17, being principal and accrued interest; that the defendant Emil Jenisch at the time of the purchase of said bonds from the Division State Bank, informed the plaintiff that at any time he wanted his money back he would give him his personal check for the purchase price; that the premises described in the trust deed are not improved with an apartment building but with a one-story building used for an auto repair and service station; that the plaintiff did not know of the falsity of the representations until he inspected the premises on December 10, 1932; that said premises were not at the time of the purchase and are not now ample and adequate security for the amount of said indebtedness; that a demand was made upon the said defendant, Emil Jenisch, to return the money on said bonds, but that he failed and refused to pay the same; that in 1931, at the maturity of the said bonds purchased as aforesaid, defendant Jenisch in-

duced the plaintiff to execute an extension on said bonds; that on the extension coupons were written the words, ''Berenice Apartments'' which designation was false and that Jenisch knew it was false.

The affidavit of merits filed by the defendants denies the charges of misrepresentations and alleges that the plaintiff could have known prior to December 10, 1932, the exact improvements located on the premises; that plaintiff had full access to any information in regard to the securities; denies that he sold the bonds or received any part or portion of the purchase price and denies that plaintiff relied on any statement he made in purchasing said bonds.

On the issues made by these pleadings the jury returned a verdict in favor of the plaintiff in the sum of $1,000 ''in tort'' and also a special finding was made by the jury, as follows:

''We, the jury, find that the defendants, Emil Jenisch and Clemens K. Shapiro, made false and fraudulent representations and the plaintiff relied on same at the time of the purchase of the bonds in question.''

Witnesses were introduced on both sides and there was a sharp conflict as to what transpired at the time of the purchase of the bonds.

In the trial of a case when the evidence is conflicting, it is imperative that the rulings of the trial court and the instructions as to the law be without prejudicial error.

The claim of the plaintiff in this case seems to be based upon, first, the misrepresentation as to the security covered by the mortgage in securing the bonds, and secondly, the promise of the president of the bank to pay the money back to plaintiff any time he wanted it.

It was, of course, necessary for the plaintiff to prove the misrepresentations made to him with regard to the property and his damage resulting therefrom, which he attempted to do and placed a witness on the stand

by the name of Gately and asked him the following questions:

"Mr. Goldstein: Now, Mr. Gately, I would like to ask you to assume a property 50 x 125 feet, one story garage located 4500 on West Addison Street, Chicago, Illinois, in 1929, having a value of eighteen thousand some odd dollars, having a mortgage of $16,000 against it, this building being operated as a garage, and ask you whether or not you have an opinion as to whether the purchase of bonds on that building under those circumstances would or could be a good investment.

"Mr. Berger: I object.

"The Court: He may tell us first whether or not he has an opinion as of October 15, 1929.

"The Witness: Yes, sir, I have.

"Mr. Goldstein: What is that opinion?

"Mr. Berger: I object.

"The Court: He may answer what is his opinion.

"The Witness: My opinion would be that it would not be a good investment.

"Mr. Goldstein: Have you an opinion based upon the same hypothesis as to whether or not that building, the property, was ample security for the mortgage of $16,000 in Chicago in 1929, October 15th? Have you an opinion, first?

"Mr. Berger: I object.

"The Court: He may answer.

"The Witness: I have.

"Mr. Goldstein: What is that opinion, please?

"Mr. Berger: I object.

"The Court: The same ruling.

"The Witness: It was not."

Without going further it must be at once apparent that to permit a so-called expert to give his opinion as to the ultimate finding in a case, which was the function of the jury to decide from the evidence, was prejudicial error.

In the case of *Lyons v. Chicago City Ry. Co.*, 258 Ill. 75, the court said: "The general rule is that witnesses should testify to facts and not to opinions. (1 Elliott on Evidence, sec. 671.) The opinions of witnesses are, in general, irrelevant. A learned writer on evidence has said that if it were the rule 'that witnesses might be allowed to state not only those matters of fact about which they are supposed to have knowledge but also the opinions they might entertain about the facts in issue, the administration of justice would become little less than a farce.'"

In *Yarber v. Chicago & Alton Ry. Co.*, 235 Ill. 589, the court at page 593 said: "Opinion evidence is admissible only upon subjects not within the knowledge of men of ordinary experience, and upon the ground that the facts are of such a nature that they can not be presented in such a manner that jurors of ordinary intelligence and experience in the affairs of life can appreciate them in their relations and comprehend them sufficiently to form accurate opinions and draw correct inferences from them on which to base intelligent judgments. The opinions of witnesses should not be received as evidence where all the facts on which such opinions are founded can be ascertained and made intelligible to the jury. . . . If the expert witness did not know all the facts his opinion would be only a guess. If he did know them, they could be detailed to the jurors and they would be as competent to form an opinion as the witness."

The question as to whether or not the purchase of a bond would be a good investment, would probably call forth numerous opinions in answer thereto, as different perhaps as there are people of whom the question could be asked. At best in the instant case it was a mere conclusion and was one of the ultimate facts upon which the jury was called to decide. The facts regarding the entire transaction, the location of the property,

improvements thereon, its value, the amount of the mortgage, the income, the taxes, the expenses and all the other contributing factors, if known to the jury, would give them an opportunity of telling whether it was a good investment or not. Under no circumstances could it be the province of a so-called expert to determine this ultimate fact in advance for the jury. No doubt the jury could be greatly influenced by such testimony, they believing when the court erroneously admitted it that it was a competent way to prove that question. In this we think error was committed.

There are other questions raised in the briefs but, inasmuch as this case must be re-tried, we will not discuss them at this time.

For the reasons herein given the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*